**Norman Wade YOES, Plaintiff–
Appellant,**

v.

**Barbara OWENS; Mike Ayers; Robbie
Waree, Defendants–Appellees.**

No. 05–10495.
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 2006.

Norman Wade Yoes, Iowa Park, TX, pro
se.

Shehzad Rajwani, Clouse Dunn Hirsch,
Dallas, TX, *for Defendants–Appellees.*

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM: *

Norman Yoes moves for leave to appeal
in forma pauperis ("IFP"), challenging the
district court's certification that he should
not be granted IFP status because his
appeal is not taken in good faith. *See
Baugh v. Taylor,* 117 F.3d 197, 202 (5th
Cir.1997); 28 U.S.C. § 1915(a)(3); Fᴇᴅ.
R.Aᴘᴘ. P. 24(a). Yoes filed a 42 U.S.C.
§ 1983 complaint against several defen-
dants, including Barbara Owens, an assis-
tant manager of a convenience store,
claiming that Owens was involved in a
methamphetamine ring and had placed a
contract on his life. Owens, the only de-
fendant who was served with process with-

in the time set by the district court, moved
for summary judgment. That court dis-
missed Yoes's claims against Owens be-
cause Yoes had failed to show that Owens
was a state actor or had conspired with
others to interfere in Yoes's civil rights.
The court also dismissed without prejudice
Yoes's claims against the other defendants.

Yoes argues that the district court erro-
neously denied him IFP status to proceed
in the district court under 28 U.S.C.
§ 1915(g). He does not, however, explain
how the district court's § 1915(g) determi-
nation relates to that court's certification
that the instant appeal is not taken in good
faith. Yoes has not demonstrated that he
will raise a nonfrivolous issue on appeal.
*See Howard v. King,* 707 F.2d 215, 220
(5th Cir.1983). Accordingly, his motion to
proceed IFP is DENIED. His motion for
appointment of counsel is DENIED. His
appeal is DISMISSED as frivolous. *See*
5ᴛʜ Cɪʀ. R. 42.2; *Baugh,* 117 F.3d at 202 n.
24.

---

* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5ᴛʜ Cɪʀ.
R. 47.5.4.